STATE OF NORTH CAROLINA v. LINDA COLEMAN

No. 7319SC616

(Filed 12 September 1973)

**Assault and Battery § 17— verdict of guilty as charged — no ambiguity**

Where defendant was charged with assault with a deadly weapon inflicting serious injuries and the jury was permitted to consider four lesser included offenses as well as that charged, the verdict of "guilty as charged" was not ambiguous but related only to the offense alleged in the bill of indictment.

APPEAL by defendant from *Seay, Judge,* 12 March 1973 Session of Superior Court held in CABARRUS County.

Defendant was charged in a bill of indictment, proper in form, with the felony of assault with a deadly weapon inflicting serious injuries. The evidence tended to show there was an argument between defendant and one Martha Deese inside a bootleg joint in Concord, North Carolina, followed by a physical encounter outside the building. Defendant admitted that she stuck Deese several times with a knife. Her defense was that Martha Deese had "fumbled in her bosom" immediately prior to the assault, and that she anticipated she was about to produce a razor or its equivalent.

The case was submitted to the jury for its consideration of five possible verdicts: (1) guilty of assault with a deadly weapon inflicting serious injury; (2) guilty of assault inflicting serious injury; (3) guilty of assault in which she attempted to inflict serious injury; (4) guilty of a simple assault; and (5) not guilty. The jury returned a verdict of "guilty as charged." Defendant was sentenced to a term of not less than three nor more than five years.

*Attorney General Morgan, by Assistant Attorney General Walker, for the State.*

*Davis, Koontz & Horton, by Clarence E. Horton, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant assigns as error that the trial court accepted an ambiguous verdict of the jury and entered judgment thereon. Defendant argues that the case was submitted to the jury for a

consideration of four verdicts of guilty, and a verdict of "guilty as charged" is ambiguous because it does not specify to which of the four offenses it relates. Defendant cites *State v. Talbert,* 282 N.C. 718, 194 S.E. 2d 822, in support of her argument.

The opinion in Talbert, by its terms, relates only to prosecutions for homicide on a bill of indictment drawn in the words of G.S. 15-144. The opinion traces the history of the homicide statute and the reasons for requiring the jury to specify by its verdict the degree of homicide to which it relates. The rationale of Talbert does not support defendant's argument in this case.

The bill of indictment on which defendant was tried reads as follows:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Linda Coleman late of the County of Cabarrus on the 30th day of September 1972 with force and arms, at and in the County aforesaid, did unlawfully, willfully and feloniously *commit and assault upon Martha Ann Deese, with a deadly weapon,* to wit, a knife, *inflicting serious injuries,* against the form of the statute in such case made and provided and against the peace and dignity of the State." (Emphasis supplied.)

As can be seen from a reading of the bill of indictment each element of the offense is alleged. Therefore nothing was left to conjecture when the verdict of "guilty as charged" was rendered. The alternate verdicts which the jury was permitted to consider constituted lesser included offenses of the one charged in the bill of indictment, but the allegations in the bill specifically describe the offense condemned by G.S. 14-32(b) and the verdict of "guilty as charged" related only to the offense alleged.

No error.

Judges HEDRICK and BALEY concur.